The Honorable Mike Petersen State Senator, 28th District State Capitol, Room 242-E Topeka, Kansas 66612
 The Honorable Roger Reitz State Senator, 22nd District State Capitol, Room 261-E Topeka, Kansas 66612
Dear Senators Petersen and Reitz:
As Senators for the 28th and 22nd
Districts, respectively, you inquire whether, in light of recent legislation, a statute which requires public bidding for the construction of certain county structures in excess of $25,000 includes repairs to those same structures.[1]
K.S.A. 2008 Supp. 19-214 provides, in part:
 [A]ll contracts for the expenditure of county moneys for the construction of any courthouse, jail or other county building, or the construction of any bridge, highway, road, dam . . . in excess of $25,000 shall be awarded, on a public letting, to the lowest and best bid.[2]
K.S.A. 19-214, enacted in 1868, has remained essentially unchanged. Although minor adjustments have been made through the years, the underlying principle has remained the same, expenditures for county structures must be openly bid and awarded. While there are no appellate court decisions addressing whether "construction" includes repairs to existing structures, testimony offered during the 2008 legislative hearings authorizing counties to utilize alternatives to the traditional design-bid-build process affirmed the proposition that when public funds are expended on county structures, including repairs, the process should be conducted openly.[3]
This 2008 legislation — the County Alternative Project Delivery Building Construction Procurement Act (Act) — provides, in part:
 [T]he board of county commissioners is . . . authorized to institute an alternative project delivery program whereby construction management at-risk or building design-build procurement processes may be utilized on public projects pursuant to the act. This authorization . . . shall be for the sole and exclusive use of planning . . . designing, building, equipping, altering, repairing, improving or demolishing any structure . . . but shall not include highways, roads, bridges, dams or related structures. . . .[4]
While some counties have interpreted K.S.A. 19-214 to include repairs in excess of the statutory amount, your question is whether the Act now resolves the issue because of the circumstances of its enactment.[5]
The Act was introduced in the 2008 legislative session as Senate Bill No. 485 (SB 485) It was modeled after a similar procedure for state construction projects.[6] As initially introduced, the Act contained a provision exempting it from the requirements of K.S.A. 19-214.[7]
Coincidentally, revisions to K.S.A. 19-214 were being considered during the same legislative session in Senate Bill No. 594 (SB 594). That bill proposed the dollar amount threshold be increased from $10,000 to $25,000 for bidding. The proposed changes did not address any alternative construction project methods as envisioned in SB 485 or provide any definitions for the existing language.
Subsequently, SB 485 and 594 were merged in the Senate Ways and Means Committee.[8] The section of SB 485 that excepted the alternative construction process from K.S.A. 19-214 was deleted and the proposed amendments to K.S.A. 19-214 were inserted in its place.
The question you raise concerns the result of this merger. Briefly stated, did the phrase "construction services" as defined in the Act extend to the term "construction" as used in K.S.A. 19-214? The Act defines "Construction services" as "the process of planning, acquiring, building, equipping, altering, repairing, improving, or demolishing any structure or appurtenance thereto, including facilities, utilities or other improvements to any real property, excluding highways, road, bridges, dams or related structures, or stand-alone parking lots."[9]
One of the amendments to K.S.A. 19-214 in the 2008 session was to specifically add language to require the bidding process to include those types of projects that were not eligible for the alternative construction methods. The new language of K.S.A. 2008 Supp. 19-214
requires public bidding for: "all contracts for the expenditure of county money for the construction of any courthouse, jail or other county building, or the construction of any bridge, highway, road, dam,turnpike or stand-alone parking lots. . . ."[10] This addition to K.S.A. 19-214 provides an indication that the legislature envisioned these bills as establishing a more comprehensive policy for all types of county construction projects.
When analyzing the language of a statute the Kansas Supreme Court has established the following rules:
 The fundamental rule of statutory construction is that the intent of the legislature governs, if that intent can be determined. The legislature is presumed to have expressed its intent through the language in the statutory scheme. When a statute is plain and unambiguous, the court must give effect to the legislative intent as it was expressed rather than determine what the law should or should not be. Courts, however, are not limited to examining the language of the statute alone but may also consider the causes that impel the statute's adoption, the state's objective, the historical background, and the effect of the statute under various constructions. In addition to considering the language and circumstance surrounding the enactment of the statute, this court must consider the various provisions of an act together with a view of reconciling and harmonizing the provisions if possible.[11]
The Court has also stated that "legislative intent is to be determined from a general consideration of the entire act."[12] Additionally, when examining the use of specific terms, the Kansas Supreme Court has held, "[o]rdinarily, when determining legislative intent, identical words or terms used in different statutes on a specific subject are interpreted to have the same meaning absent anything in the context to suggest that a different meaning was intended."[13]
Applying these rules of statutory construction, "construction" should be interpreted consistently throughout the enactment as including both original construction and repairs.
This conclusion is supported by the fact that the legislature worked both bills together in what appeared to be an effort to develop a comprehensive approach to county construction projects. This effort resulted in the eventual merger of the bills into one enactment.[14]
Therefore, K.S.A. 2008 Supp. 19-214 includes both original construction and repairs to the county structures identified therein where the cost exceeds $25,000.
Sincerely,
 Steve Six Attorney General
 Michael J. Smith Assistant Attorney General
SS:MF:MJS:jm
[1] K.S.A. 2008 Supp. 19-214.
[2] Emphasis added.
[3] Minutes, Senate Ways and Means Committee, February 12, 2008, attachment 15, written testimony of Randall Allen, Executive Director of the Kansas Association of Counties. The purpose of public bidding laws is "to guard against favoritism, improvidence and corruption."Interior Contractors, Inc. v. Board of Trustees of Newman CountyMemorial Hospital, 185 F.Supp.2d 1216 (D.Kan. 2002) (commenting on K.S.A. 13-1017, the statute that requires bidding for cities of the first class).
[4] K.S.A. 2008 Supp. 19-216d. Emphasis added.
[5] Attorney General Opinion No. 81-65 considered the notification requirement of K.S.A. 19-215 and 19-216 for bidding projects that fall within the bidding requirement of K.S.A. 19-214. The project discussed in the opinion was the interior renovation of the county courthouse, not new construction.
[6] Minutes, Senate Committee on Ways and Means, February 12, 2008, attachment 8, citing K.S.A. 2008 Supp. 75-37,141 et seq.
[7] Id. at attachment 8-2, citing Section 7 of SB 485.
[8] Minutes, Senate Ways and Means Committee, March 6, 2008.
[9] K.S.A. 2008 Supp. 19-216c(i). Emphasis added.
[10] K.S.A. 2008 Supp. 19-214(a) unless exempt pursuant to subsection (b). Emphasis added.
[11] Cole v. Mayans, 276 Kan. 866, 874 (2003) internal citations omitted.
[12] Board of Lincoln County Comm'rs v. Nielander, 275 Kan. 257, 265
(2003).
[13] State v. Bank of America, 272 Kan. 182, 188 (2001) citingT-Bone Beeders, Inc. v. Martin, 236 Kan. 641, 648 (1995).
[14] 2008 Substitute for Senate Bill 485.